IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:12-00055-2 |
| v. | ) | **TODD J. CAMPBELL** |
| | ) | Judge, U.S. District Court |
| JAMES BENJAMIN LEE | ) | |

### JAMES BENJAMIN LEE'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

**COMES** now the accused, **JAMES BENJAMIN LEE**, through counsel, Assistant Federal Public Defenders, Isaiah S. Gant and Dumaka Shabazz, pursuant to the Fifth and Sixth Amendments of the Constitution of the United States, and moves this Honorable Court to enter an order dismissing with prejudice the charges against Mr. Lee because the United States has violated Mr. Lee's rights to due process, equal protection, and to counsel. In support of the foregoing motion, it is respectfully represented to this Honorable Court the following:

During a March 26-April 1, 2013, trial, James Benjamin Lee was represented by undersigned appointed counsel who were fully funded by the United States, in accordance with Gideon v. Wainwright, 372 U.S. 355 (1963). As a result, Mr. Lee remains a free man. He now faces a May 7, 2013, retrial, but as a result of the Budget Control Act of 2012 (Public Law 112-25), the United States is now violating Mr. Lee's Sixth Amendment right to counsel and his Fifth Amendment rights to due process and equal protection by failing to fully fund counsel. Under P.L. 112-25, funding for the Office of the Federal Public Defender

has been sequestered, with undersigned counsel (and their staff) being furloughed without pay for two days every two-weeks, starting April 1. This is constitutionally significant, as it is illegal to force counsel to represent Mr. Lee without pay on furlough days. In fact, *Gideon* mandates that they be paid for their work on Mr. Lee's case.

Especially where the United States continues to fully fund their *prosecution* of Mr. Lee, this financial attack on Mr. Lee's *defense* and his defense counsel – who successfully defended him at the first trial – is fundamentally unfair and violates his fundamental rights to counsel, due process, and equal protection.

In accordance with the Fifth and Sixth Amendments, this Court must therefore dismiss all charges against him.

## I.
## FACTS

The United States has charged Mr. Lee with a civil rights violation under 18 U.S.C. § 242. This Court appointed the Office of the Federal Public Defender to represent him. (Docket Entry 11.) Undersigned counsel successfully defended Mr. Lee at a trial held March 26 through April 1, 2013, with this Court declaring (over Mr. Lee's objection) a mistrial. (See Docket Entry 78.) Since April 1, 2013, however, Mr. Lee's right to counsel has come under attack.

As a result of the Budget Control Act of 2012 (hereinafter referred to as P.L. 112-25), significant funds for the Judiciary have been sequestered. As a result, funding for the Office

2

of Defender Services has been cut, and in turn, the Office of the Federal Public Defender for the Middle District of Tennessee has faced a significant budget cut for Fiscal Year 2012-2013. As a result of P.L. 112-25's sequestration of funds, the Office of the Federal Public Defender has (and will be) furloughing undersigned counsel one (1) day per workweek starting April 1, 2013, to be served on Fridays. Consequently, counsels' pay is being cut 20 percent, counsel (and their support staff including investigators) are not paid on furlough days, and counsel is unable to, and cannot be forced to, work on Mr. Lee's case on furlough days. 31 U.S.C. § 1342 (government may not accept gratuitous services except as provided by law); 28 U.S.C. § 604(a)(17)(administrative office of courts may only accept "voluntary and uncompensated (gratuituous) services").

In fact, counsel and their staff face potential grave legal consequences for working on furlough days, including (for example) facing personal liability for their actions on furlough days, not being covered by governmental liability insurance, and/or not being protected by the Federal Tort Claims Act for actions that would be covered were counsel not furloughed. Counsel cannot be forced to "volunteer" on furlough days and thereby face such personal repercussions. And indeed, no one contends that any Federal Public Defender employee can be forced to work on a non-paid furlough day, precisely for such reasons (among others).

On the other side of the coin, the United States – who is being represented by the Office of the United States Attorney – is at full staff. The Assistant United States Attorneys

3

representing the United States are not being furloughed. They are not receiving a pay cut. Their office is not facing the same funding restrictions as those imposed upon the Office of the Federal Public Defender.

As a practical matter, what this means is that Mr. Lee now has 80 percent of the counsel he had for his first trial. The United States is at 100 percent strength. This is highly significant where approximately 50 percent of the jurors believed that Mr. Lee should have been acquitted. The sequestration of funds and its impact upon the services of defense counsel – which does not affect the United States Attorney – thus now unfairly tips the scales against Mr. Lee.

It also means that Mr. Lee is categorically losing the services of his counsel and support staff for at least five (5) days before his retrial. This restriction against work has not been imposed upon the United States in this case, nor has it been imposed on any number of other similarly-situated accused in this district or elsewhere who have been charged with a federal offense and appointed counsel, but happened to be appointed a panel attorney whose work is not so restricted, or another Federal Public Defender Office that has not had to furlough employees.

As Mr. Lee now more fully explains, P.L. 112-25 has placed him in a constitutionally untenable position, and he is being denied his rights under the Fifth and Sixth Amendments. The charges against him must therefore be dismissed.

4

## II.
## Mr. Lee Is Being Denied His Right To Due Process, Equal Protection, And Counsel, And The Charges Against Him Must Therefore Be Dismissed

### A.
### P. L. 112-25 Violates Mr. Lee's Right To Due Process Under The Fifth Amendment

The touchstone of due process is fundamental fairness. Due process of law also "speak[s] to the balance of forces between the accused and his accuser." Wardius v. Oregon, 412 U.S. 470, 474 (1973). The Supreme Court is thus deeply "suspicious of . . . rules which provide nonreciprocal benefits to the State when the lack of reciprocity interferes with the defendant's ability to secure a fair trial." Id. n. 6.  P. L. 112-25, however, has created unacceptable unfairness here, deliberately skewing the balance of forces greatly in favor of the United States, a violation of due process.

Indeed, while P.L. 112-25 leaves the United States Attorney's Office and its prosecuting attorneys unscathed and fully able to undertake their duties in this case, P.L. 112-25 has selectively undermined Mr. Lee's ability to defend himself against the fully-funded Department of Justice. Congress and the President have not only forced upon undersigned counsel a 20 percent cut in funding that does not apply to the United States Attorney's Office, they have likewise prevented counsel from representing Mr. Lee on furlough days. Having done so, the United States of America has established a regime that exalts a lack of "balance of forces between the accused and his accuser," the very type of unfair, skewed regime that *Wardius* condemns.

5

Indeed, this new imbalance is even more insidious given the hung jury in this case which establishes that the Government had not proven its case. On retrial, it is unfair to give the Government an additional boost toward convicting Mr. Lee beyond a reasonable doubt by hampering the preparation of the defense by defense counsel. Cf. Sandstrom v. Montana, 442 U.S. 510 (1979)(it violates due process to lessen government's need to prove guilt beyond a reasonable doubt).

If the Government were to fully fund the Office of the Federal Public Defender to equalize resources and allow undersigned counsel to do their job on all the days leading up to (and including) retrial, that would be fine, as the Fifth Amendment violation arising from P.L. 112-25 would be rectified. Short of that, the Justice Department, through the United States Attorney cannot proceed forward employing the full power of the United States against Mr. Lee without violating due process.

Consequently, absent ameliorative action by the United States, this Court must dismiss the charges against Mr. Lee under the authority of *Wardius*. The unfairness being perpetrated upon Mr. Lee through the application of P.L. 112-25 simply cannot stand. Under the Due Process Clause of the Fifth Amendment, all charges must be dismissed.

# B.
## P.L. 112-25 Violates Mr. Lee's Right To Equal Protection Under The Fifth Amendment

Mr. Lee is too poor to pay for his own attorney. Under the Sixth Amendment, the Government must therefore provide him counsel paid for by the government: "[T]he Sixth Amendment requires the provision of counsel to indigent defendants *at government expense*." Padilla v. Kentucky, 559 U.S. 356, ___ (2010)(Scalia, J., dissenting)(slip op. at 2), *citing* Gideon v. Wainwright, 372 U.S. 335 (1963). To ensure compliance with the Sixth Amendment, 18 U.S.C. § 3006A provides that Mr. Lee, because he is "financially unable to obtained adequate representation" (§ 3006A(a)), is entitled to appointment of counsel who may be "from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defender organization." 18 U.S.C. § 3006A(b).

Mr. Lee happens to have been appointed the Office of the Federal Public Defender, a "defender organization" identified in §3006A(b). He could have been appointed a "panel attorney" under 3006A(b). Because he was appointed the Office of the Federal Public Defender and not a panel attorney, he has been denied the equal protection of the laws, now that his counsel with the Office of Federal Public Defender – unlike panel attorneys or even privately-retained counsel – are being selectively squeezed and disadvantaged by the United States in representing Mr. Lee. The disadvantages imposed upon counsel by P.L. 112-25 and its resultant effects violate the Fifth Amendment's equal protection guarantee.

7

**1.**
**The Unfair Treatment Of Mr. Lee Must Satisfy Strict Scrutiny**

The Due Process Clause of the Fifth Amendment incorporates an equal protection guarantee, similar to that contained in the Fourteenth Amendment. "The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws." Davis v. Passman, 442 U.S. 228, 235 (1979).

Under the Fifth Amendment's equal protection guarantee, "Government actions that burden the exercise of fundamental rights . . . are subject to strict scrutiny, and will be upheld only when they are narrowly tailored to compelling government interest." Seal v. Morgan, 229 F.3d 567, 574 (6th Cir. 2000). See Clark v. Jeter, 486 U.S. 456, 461 (1988) (discriminations "affecting fundamental rights . . . are given the most exacting scrutiny."); Troxel v. Granville, 530 U.S. 57, 80 (2000)(Thomas. J., concurring)(infringement of fundamental constitutional rights subject to strict scrutiny).

Under strict scrutiny analysis, the Government must show that its action is "necessary to further a compelling governmental interest" and that it is narrowly tailored to promote that particular interest. Grutter v. Bollinger, 539 U.S. 306, 331 (2003). In other words, where a fundamental interest is involved, the Government's different treatment of similarly-situated persons must be justified by a compelling governmental interest that is promoted by such treatment, and narrowly tailored to achieve that interest.

8

Without question, the Sixth Amendment right to counsel is a fundamental right established by the Constitution. See Gideon, *supra* (right to counsel is fundamental and essential to a fair trial); Grosjean v. American Press Co., 297 U.S. 233, 243-244 (1936) (acknowledging the "fundamental right of the accused to the aid of counsel in a criminal prosecution"). The Government's infringement upon Mr. Lee's rights, therefore, must satisfy strict scrutiny. It does not. It does not even satisfy rational basis scrutiny. Indeed, in many respects, it is wholly arbitrary.

## 2.
### In Violation Of Equal Protection, Mr. Lee Is Being Discriminated Against In Ways That Do Not Satisfy Rational Basis Scrutiny, Let Alone Strict Scrutiny

Because he has been appointed the Federal Public Defender, Mr. Lee is now being represented by counsel who have been placed under improper constraints that any number of similarly-situated accused do not face, because they are not represented by the Office of the Federal Public Defender, or they are represented by a Federal Public Defender's Office that is not furloughing its employees. All of those constraints – individually and cumulatively – violate Mr. Lee's right to equal protection under the Fifth Amendment.

For example, like all federal criminal accused, Mr. Lee is entitled to be tried within 70 days of indictment. 18 U.S.C. § 3161(c)(1). Because of the furloughs imposed upon undersigned counsel and counsels' inability to work on furlough days, Mr. Lee loses his attorneys for 1 (one) day per attorney out of every 5 (five) workdays, and 1 (one) day per attorney out of every 7 (seven) calendar days. While every other accused with a non-

9

Federal Public Defender, non-furloughed lawyer (or a panel attorney) gets the full 70 days, Mr. Lee gets something less. That is not fair.[1] And on what rational basis – let alone compelling basis – can the Government contend that there is any justification for treating Mr. Lee this way – while *identical* accused represented by private attorneys, panel attorneys, or Federal Public Defender offices without furloughs are not? Mr. Lee has been placed in a lesser class of accused for purposes of § 3161, and that cannot stand as a matter of equal protection.

Indeed, the equal protection violation is shown by the very facts of this case. Mr. Lee's co-accused, Mr. Hedge, is facing *identical* charges as Mr. Lee. Yet Mr. Hedge's right to counsel is in no way impinged upon by the sequestration of funds. Mr. Hedge will get a full defense unimpeded by the aforementioned restrictions upon his counsel and defense team. Mr. Lee's rights, however, will. There is no reasonable justification, let alone a compelling governmental interest, in allowing *identical* accused to face trial on *identical* charges, while hampering the defense of one accused but not the other. Without question, Mr. Lee's right to equal protection in the exercise of his fundamental right to counsel is violated. The charges against Mr. Lee must therefore be dismissed.

---

[1] As noted previously, under the circumstances and given the new trial date, Mr. Lee is actually losing at least 5 days of representation by counsel and their staff. While this is not losing 10 out of 70 days (as it is for persons currently being appointed the Federal Public Defender) it is still significant – and 5 days less of counsel than other similarly-situated accused.

## C.
## P.L. 112-25 Violates Mr. Lee's Fundamental Sixth Amendment Right To Counsel Under *Gideon*

As noted *supra*, under the Sixth Amendment, *Gideon* requires the government to pay for Mr. Lee's representation. By refusing to fully fund and by furloughing counsel, the United States has violated the fundamental precept of *Gideon*. This is not hyperbole. If the Federal Public Defender was appointed but not paid at all to represent Mr. Lee, that would undoubtedly violate *Gideon*. Under *Gideon*, there is either the right to counsel, or there is not. There is no such thing as a "partial right to counsel" or "2/3 of a right to counsel," or "4/5 of a right to counsel" or any other fraction thereof. Under the Constitution, it is all or nothing. Unless and until the United States fully pays appointed counsel, *Gideon* and the Sixth Amendment are violated, and this Court must therefore dismiss the charges against Mr. Lee.

Moreover, "[T]he pretrial right to counsel is not ancillary to, or of lesser importance than, the right to rely on counsel at trial." Kansas v. Ventris, 556 U.S. 586, 595 (2009) (Stevens, J., dissenting). Further, the right to counsel is "so fundamental that there should never occur any interference with it for *any length of time, however brief*, absent some compelling reason." United States v. Allen, 542 F.2d 630, 633 (4th Cir. 1976). Mr. Lee's situation, however, involves not just simply a brief interference with his right to counsel. It represents a significant intrusion into his right to counsel, a powerful interference with his counsels' ability to represent him, and (as already noted) an interference that does not

apply to any number of other accused charged by the United States. Gideon and the Sixth Amendment do not countenance such a result.

As a result, P.L. 112-25 violates Mr. Lee's right to counsel under the Sixth Amendment. Consequently, the charges against him must be dismissed on Sixth Amendment grounds as well. See also Geders v. United States, 425 U.S. 80 (1976).

**CONCLUSION**

**WHEREFORE**, for the above and foregoing reasons, it is respectfully prayed that this Honorable Court enter an order dismissing with prejudice the charges against Mr. Lee because the United States has violated Mr. Lee's rights to due process, equal protection, and to counsel under the Fifth and Sixth Amendments.

Respectfully prayed submitted,

/s/ Isaiah S. Gant
Isaiah S. Gant (BPR #025790)
Dumaka Shabazz (BPR#022278)
Assistant Federal Public Defenders
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047
E-mail: skip_gant@fd.org

Attorneys for James Benjamin Lee

12

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 22, 2013, I electronically filed the foregoing Motion to Dismiss with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Harold B. McDonough, Jr., Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, Tennessee 37203; Adriana Vieco, Department of Justice, 601 D. Street, Washington, DC 20004; and Jerred A. Creasy, Attorney for Timothy Wayne Hedge, Brogdon, Creasy & Sanders, PLLC, 230 N. Main Street, Dickson, TN 37055.

                                  */s/ Isaiah S. Gant*
                                  Isaiah S. Gant

13

Case 3:12-cr-00055   Document 88   Filed 04/22/13   Page 13 of 13 PageID #: 283