UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA            )
                                    )
v.                                  )        NO. 3:12-00055
                                    )        JUDGE CAMPBELL
JAMES BENJAMIN LEE                  )

ORDER

Pending before the Court is James Benjamin Lee's Motion to Dismiss (Docket No. 88). The Government has filed a Response in opposition (Docket No. 92). The Motion is DENIED, subject to the terms and conditions stated herein.

Defendant Lee, through the Motion to Dismiss, asks the Court to dismiss with prejudice the charges against him because the United States has violated his rights to due process, equal protection, and to counsel. Defendant Lee relies on the 5th Amendment rights to due process and equal protection as well as the 6th Amendment right to counsel. The fundamental basis of his Motion to Dismiss is the adverse consequences of "sequestration" and the resulting furloughs in the Federal Public Defender's office as a result of the Budget Control Act of 2011 (Public Law 112-25).

The Government argues that the purpose of sequestration was not to target the Federal Public Defender's Office and that sequestration did not mandate that attorneys be furloughed. The Government also argues that, in any event, dismissal of the charges in this case is not the appropriate remedy.

The Motion to Dismiss raises serious issues about the right to counsel when such counsel is subject to sequestered funding. The Court has serious concerns about the United States taking

action that results in a reduction of the number of days a Federal Public Defender may work on an on-going criminal case in advance of an imminent trial. Likewise, there are serious issues regarding the United States taking action that causes the pay of a Federal Public Defender to be cut while preparing to defend against an extant criminal prosecution by the United States.

There are also legitimate concerns about a court forcing a Federal Public Defender to work while on furlough, such as prohibitions on gratuitous services, risks of personal liability and immunity under the Federal Torts Claim Act.

The Court is fully aware that the United States, through the Budget Control Act of 2011, did not directly cut the pay or limit the work hours of the specific Federal Public Defenders in this case. Also, the Federal Public Defender's office has some discretion on how to implement its appropriation during sequestration. However, the furloughs by the Federal Public Defender's office in this District clearly were proximately caused by the sequestration implemented pursuant to the Budget Control Act of 2011 (Public Law 112-25). The Act was passed by the Legislative and Executive branches, but it significantly negatively impacts the Judicial branch and the administration of criminal justice.

For all these reasons, this Court, in this case, is reluctant to compel Defendant Lee to go to trial under these circumstances. It would be potentially unfair and arguably contrary to the spirit of the right to counsel (6th Amendment) and Due Process (5th Amendment).

The remedy for the current circumstances, however, is not the dismissal of the criminal charges against Defendant Lee. Dismissal would not be in the interest of justice and would be disproportionate to the concerns raised. There is a strong public interest in criminal cases being

resolved on the merits, or lack thereof, rather than on procedural or funding issues. A more appropriate and less draconian resolution than dismissal is warranted in this case.

The Court, for the reasons stated above, hereby orders as follows:

(a) The Court finds good cause for the appointment of one additional counsel. Accordingly, pursuant to 18 U.S.C. § 3006A, the Court orders the Federal Public Defender's office to designate a member of the Federal Defender's Panel to represent Defendant Lee. The Court finds that the appointment of one additional attorney is in the interest of justice and necessary in this difficult and complex case. See § 230.53.20 of the Guide to Judiciary Policy, Volume 7, Part A. See also Gideon v. Wainwright, 372 U.S. 335 (1963).

(b) The Court will not hold trial on any day in which a Federal Public Defender assigned to this case is on furlough. Defense counsel shall inform the Court of the relevant dates in advance of trial.

(c) Defendant Lee may move to continue the trial until the next fiscal year, beginning October 1, 2013, when a new appropriation and budget will apply. The Court notes that Defendant Lee is not in custody and has no known violations of his conditions of release.

IT IS SO ORDERED.


TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3